Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001308
28-DEC-2015
09:07 AM

NO. CAAP-13-0001308

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JORDAN FENNELLY, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-12-00754)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Reifurth and Ginoza, JJ.)

Defendant-Appellant Jordan Fennelly appeals from the
Notice of Entry of Judgment and/or Order and Plea/Judgment
("Judgment"), which was filed on May 9, 2013 in the District
Court of the Second Circuit, Wailuku Division ("District
Court").[1]/

Fennelly was convicted of Operating a Vehicle Under the
Influence of an Intoxicant, in violation of Hawaii Revised
Statutes 219E-61(a)(2). On appeal, Fennelly contends that (1)
the District Court erred by denying his motion to dismiss for
violation of Hawaii Rules of Penal Procedure ("HRPP") Rule 48,
and (2) the State of Hawaiʻi laid an insufficient foundation to
admit the result of his urine test.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments they advance and the issues they raise, we resolve
Fennelly's points of error as follows, and vacate the Judgment:

Fennelly contends that the District Court erred by
denying his motion to dismiss because more than 180 includable

---

[1]/ The Honorable Adrianne Heeley presided.

days had elapsed between the date of his arrest (January 26, 2012) and the start of trial (February 6, 2013), which violates HRPP Rule 48.  *See generally State v. Jackson*, 81 Hawai'i 39, 50, 912 P.2d 71, 82 (1996) (explaining that courts construe the six-month time period in HRPP Rule 48 as totaling 180 days).  It appears that it would have been proper for the court to exclude the time periods from June 6, 2012 to August 29, 2012 and November 28, 2012 to February 6, 2013 from the 180-day calculation because Fennelly agreed to continuances during those periods.  Haw. R. Pen. P. 48(c)(3).  The court, however, necessarily concluded that there were fewer than 180 includable days because it denied Fennelly's motion to dismiss.  But how exactly the court reached this conclusion is unclear from the record on appeal.[2]/

The District Court's order states only that Fennelly's motion to dismiss is denied.  At trial, the court concluded that it was "going to stick with [its] ruling[ and] deny the motion to dismiss for reasons stated, as well as the case law cited recently, finding that no Rule 48 violation occurred[,]" which was likely a reference to *State v. Castro*, No. SCWC-30703, 2012 WL 3089722, at *1 n.3 (Hawai'i Jul. 30, 2012) (holding that a charge cannot be amended for failure to state the requisite mens rea).  While this suggests that the court intended to exclude some number of days from the calculation of includable days in accordance with the Hawai'i Supreme Court's recent summary disposition order in *Castro*, the parties fail to cite, and we are unable to find ourselves, an explanation in the record on appeal of the exact number of days that the District Court intended to exclude (which would allow this court to confirm or reject the District Court's calculation) or of the District Court's rationale for excluding the number of days that it did (which would allow this court to consider the District Court's

---

[2]/     For example, after orally denying Fennelly's motion to dismiss during the February 6, 2013 bench trial, the District Court stated that it would exclude "those periods of time between the . . . amended complaint [(July 23, 2012)] and the refiling of the dismissal on the refiling [(presumably August 23, 2012)] . . . ."  When the defendant immediately asked the court whether the excluded time period extended "[u]ntil the A [&] P" (October 11, 2012), however, the court agreed.

reasoning).

"[M]otions to dismiss pursuant to HRPP 48(b), by their very nature, involve factual issues that must be resolved before they can be decided." *State v. Hutch*, 75 Haw. 307, 330-31, 861 P.2d 11, 23 (1993) (holding that a court must make findings of fact under HRPP Rule 12(e) before it may conclude that any of the time periods excluded under HRPP Rule 48(c) have been established); *see also State v. Jarmusch*, Nos. 29020, 29069, 2011 WL 1523484, at *4 (Hawai'i App. Apr. 21, 2011) (citing *Hutch* while vacating and remanding to the lower court for findings on the excluded time periods). Absent that information, then, we cannot evaluate the District Court's conclusion that HRPP Rule 48(b) was not violated. Accordingly, we hold that the District Court erred in denying Fennelly's motion without stating its "essential findings on the record" in accordance with HRPP 12(e). Consequently, we do not address any of Fennelly's further arguments.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on May 9, 2013 in the District Court of the Second Circuit, Wailuku Division, is vacated and the case is remanded for entry of appropriate findings consistent with this opinion.[3]

DATED: Honolulu, Hawai'i, December 28, 2015.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Artemio C. Baxa,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[3]   Should the District Court affirm its previous judgment upon entry of findings, judgment should be re-entered so that Fennelly might appeal from the re-entered judgment.